ELLIS, Judge.
This is an appeal by Jessie J. How.ard from an opinion of the State Civil Service Commission sustaining his dismissal from his position of Project Manager IY, with the City of Opelousas Housing Authority. The ground for his dismissal is set forth in the letter of dismissal, dated January 11, 1978, as follows:
“On June 30th, 1977, you willfully and wantonly abandoned your job as Project Manager IV, without first obtaining authorization for a leave of absence from the Board of Commissioners of the Authority.”
The record shows that Mr. Howard was granted a 12-month leave of absence without pay, beginning July 1, 1977, by his appointing authority, Ashton P. Giron, then the Executive Director of the Housing Authority. On July 18,1977, Mr. Howard was advised by letter from M. J. Soileau, the new Executive Director of the Authority, that it was necessary that he have the approval of his leave of absence by the Board of Commissioners of the Authority. Through counsel, Mr. Howard advised the Board that his leave was obtained in accordance with Civil Service Regulations and the personnel policy of the Authority, and requested that he be advised of the rules or regulations which required that he seek Board approval. Despite being reiterated at a meeting of the Board, and by letter, the request was never answered.
At the hearing before the Commission, it appeared that the Board was relying on its own personnel policy, and on a letter which it had received from the United States Department of Housing and Urban Development.
Section 11 of the Personnel Policy covers the policy relative to leave and contains the following provisions relative to leave without pay:
“(a) An appointing authority may grant an employee leave of absence without pay for a period not to exceed one year, provided that such grant of leave shall not extend the period of his appointment.
“(b) After presenting justifiable reasons in writing to the Commission and with its approval, an appointing authority may grant a permanent or probationary employee leave of absence without pay for a period or periods in excess of one year.”
The Authority also relies on Section 5, which provides:
“5. AUTHORITY TO EFFECT PERSO-NEL ACTIONS:
“Authority to appoint, promote, transfer, demote and separate personel shall be vested in the Executive Director and such other officials as are formally designated to act for him, except that personel actions relating to the key employees shall be reserved for Board action on the recommendation of the Executive Director.”
*134 The Authority offered in evidence a letter from the Department of Housing and Urban Development, dated July 14, 1977, containing the following sentence, which is alleged to refer to Mr. Howard:
“Although it is up to the appointing authority, we would not approve the request of the project manager’s leave without pay for one year.”
The Authority argues, and the Civil Service Commission found, that Mr. Howard was a key employee, and that all personnel action, including leave requests, had tó be approved by the Board.
We cannot agree. We think it clear that Section 5, supra, relates only to the personnel actions covered therein, i. e., appointment, promotion, transfer, demotion and separation, and that Section 11, which covers leave policy, and which is extremely long and detailed, is in no wise modified thereby. The letter from the Department of Housing and Urban Development recognizes the power of the appointing authority to approve a leave request, and is of no help to the Housing Authority.
We find that the Housing Authority and the Commission have incorrectly interpreted the personnel policy of the Housing Authority by superimposing the “key employee” provision of Section 5 on the “leave without pay” provisions of Section 11. We further found that Mr. Howard satisfied the requirements thereof when he obtained the grant of a 12-month leave of absence without pay from his appointing authority, Ashton P. Giron.
The action of the City of Opelousas Housing Authority is therefore set aside, and it is ordered that Jessie J. Howard be reinstated in his position as Project Manager IV as of July 1, 1978, the date he would have returned from his leave, with all pay and emoluments of the said office from that date.
REVERSED AND REMANDED.